**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathan Culver, | No. CV-18-02205-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| NXP USA Incorporated Long Term Disability Insurance Plan, et al., | |
| Defendants. | |

This is an ERISA case in which Plaintiff contends his claim for long-term disability benefits was wrongfully denied. (Doc. 30 at 2-3.) Plaintiff further contends that Aetna and Prudential, the companies that Defendant hired to administer its benefits program, were afflicted by a conflict of interest. (*Id.* at 3-5.)

On January 18, 2019, Plaintiff filed a "Motion to Conduct Discovery." (Doc. 40.) In it, Plaintiff argues he is entitled to conduct discovery on the issue whether Aetna and Prudential had a conflict of interest and asks the Court to authorize him to propound a series of discovery requests on this topic. (*Id.*) Plaintiff included two exhibits to his motion. The first, Exhibit A, is his proposed set of discovery requests. (Doc. 40-1.) The second, Exhibit B, is an "administrative services agreement" between Prudential and Defendant. (Doc. 40-2.) This is the contract that Defendant used to hire Prudential to administer its benefits program.

On February 5, 2019—before Defendant filed its response to the motion—the parties filed a "Stipulated Motion to Seal Exhibit B to Plaintiff's Motion to Conduct

Discovery." (Doc. 46.) In it, the parties argue that "good cause" exists to seal the 21-page contract between Prudential and Defendant because "[a] contract stating terms and conditions under which parties exchange services, including pricing, is business sensitive, and disclosure can create competitive disadvantage for both the insurance carrier and the policy owner. Defendant asserts the Administrative Services Agreement is business sensitive and confidential . . . [and] Plaintiff does not contest or oppose" this assertion. (*Id.* at 2.) No affidavits or declarations were submitted in support of the sealing request.

The Court agrees that the "good cause" standard governs this sealing request, and further agrees that certain portions of the contract may be sealed under this standard, but disagrees that the contract may be sealed in its entirety. As an initial matter, any sealing request must be considered in light of the "strong presumption in favor of access to court records," which is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citations and internal quotation marks omitted). Accordingly, a party seeking to seal a judicial record must establish either a "compelling reason" or "good cause" for its request, with the standard dependent on the type of judicial record at issue. *Id.* at 1096-97. When, as here, the record that is the subject of the sealing request is an "attach[ment] to a discovery motion unrelated to the merits of a case," the "good cause" standard applies. *Id.*

Courts have often found that, when a document contains confidential financial information whose disclosure might result in competitive harm, good cause exists for sealing. *See, e.g., 3B Med., Inc. v. Resmed Corp.*, 2016 WL 6818953, *3 (S.D. Cal. 2016) ("Having reviewed the documents the parties request be sealed, the Court finds 3B Medical has satisfied the good cause standard because the documents contain ResMed's confidential financial information."); *Nat'l Prods., Inc. v. Aqua Box Prods., LLC*, 2013 WL 13106901 (W.D. Wash. 2013) ("[T]he Court is mindful of the proprietary nature of confidential financial information, and that past information may be used to predict future

business plans. . . . The Court agrees that the extent of past financial information contained in the documents may harm NPI's competitive position with respect to future business. NPI's motion to seal . . . is GRANTED.").

Here, the Court has reviewed the 21-page document that is the subject of the sealing request, and it appears that only the final page contains anything in the ballpark of sensitive financial information (*i.e.,* the rates and fees Prudential charges for administering the benefit program). (Doc. 40-2 at 22.) It's unclear why the parties consider the other 20 pages to be sensitive. Accordingly, and in the absence of any affidavits or declarations establishing those pages' sensitivity, the Court cannot find "good cause" to seal the entire document. *Cf. 3B Medical* 2016 WL 6818953 at *3 ("[T]he Court finds that 3B Medical has not made a sufficiently particularized showing to warrant sealing all of the exhibits in their entirety. Specifically, 3B Medical has not shown good cause to seal pages 1 and 3 . . . of Exhibit 8 because these pages consist of emails concerning general business discussions between ResMed executives, and therefore do not include information concerning ResMed's pricing strategy, contract negotiations, or revenue forecasts. In short, 3B Medical fails to show what specific harm would come from disclosure of these discussions.").

Accordingly, **IT IS ORDERED** that the parties' "Stipulated Motion to Seal Exhibit B to Plaintiff's Motion to Conduct Discovery" (Doc. 46) is granted in part and denied in part. Only the final page of Exhibit B may be sealed.

Because Exhibit B is already in the public record, **IT IS FURTHER ORDERED** that the Clerk of Court **strike** Doc. 40-2 and then seal the stricken document.

To the extent Plaintiff wishes to have Exhibit B in the record, Plaintiff may refile the final page under seal and file the remaining portion not under seal.

Dated this 6th day of February, 2019.

_____
Dominic W. Lanza
United States District Judge