**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathan Culver, | No. CV-18-02205-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| NXP USA Incorporated Long Term Disability Insurance Plan, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's "Motion to Seal Plaintiff's Motion to Supplement the Administrative Record and Its Respective Exhibits." (Doc. 56.) Plaintiff asserts that his motion to supplement and the exhibits thereto should be sealed because they "are comprised of over 344 pages and contain, among other things, Plaintiff's personal identifiers, such as full name, address, date of birth, and Social Security number, medical records, tests, and evaluations, and references to and discussions of such records and Plaintiff's medical conditions." (*Id.* at 2.) He asserts that his right to privacy is a compelling reason to seal the documents and that the less-restrictive alternative of redaction is "not practical" and "would be overly burdensome and very time consuming" due to "to the volume of the documents (344 pages) and the fact that a simple redaction of personal identifiers would not protect against disclosure of the overall private content of the documents in this case, including but not limited to, Plaintiff's confidential medical information." *Id.*

The public has a general right to inspect judicial records and documents, such that

a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted). The "stringent" compelling-reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). The Court agrees with Plaintiff that the "compelling reasons" standard applies here. (Doc. 56 at 1.)

Regarding the contention that redacting personally identifying information from a large quantity of documents would be burdensome and time-consuming, the unfortunate reality of litigation is that at times it entails tedious and time-consuming work. *Cf. Brown Bear v. Cuna Mut. Grp.*, 266 F.R.D. 310, 321 (D.S.D. 2009) ("[T]he court is not aware of any binding authority that concludes that a review of numerous files in order to redact insureds' personal information and segregate privileged information necessarily makes producing such documents an undue burden."). The annoyance and expense of taking time to redact personal information from documents ordinarily cannot outweigh the public's interest in access.

As to Plaintiff's contention that 344 pages of documents—including the motion to supplement itself—should be sealed to protect Plaintiff's right to privacy regarding his medical information (Doc. 56 at 2), this rationale is both overgeneralized and substantively insufficient. "[G]eneralized statements supporting sealing are inadequate; a party must

articulate specific facts to justify sealing, and must do so with respect to each item sought to be sealed." *Krieger v. Nationwide Mut. Ins. Co.*, 2012 WL 1623158, *1 (D. Ariz. 2012) (internal quotation marks omitted); *see also Kamakana*, 447 F.3d at 1184 ("Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."). Moreover, although the documents are largely composed of Plaintiff's medical records, in which Plaintiff has a privacy interest, Plaintiff has placed his medical condition at issue by filing this ERISA action. *Krieger,* 2012 WL 1623158 at *1 ("Plaintiff put his medical condition at issue when he filed for benefits. The mere assertion that Plaintiff considers medical and personal information sensitive does not amount to a compelling reason to seal."); *Young v. Liberty Mut. Group, Inc.*, 2014 WL 6886018, *2 (D. Ariz. 2014) ("[G]iven the centrality of Plaintiff's medical condition to the case, Plaintiff's privacy interests are not a compelling reason to seal the records from public access. Accordingly, the Court will not seal materials containing Plaintiff's medical information."). Indeed, Plaintiff's own assertions about the documents suggest they are central to the issues in this case—he argues in his motion to supplement that the proffered records are "highly relevant and probative" and "vital to a 'full and fair' review pursuant to ERISA." (Doc. 57 at 1-2.) Considering the asserted importance of the medical records to the case, Plaintiff's privacy interest does not outweigh the "public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1181.

Finally, it would be inappropriate to seal the motion to supplement itself for the reasons explained above and for the additional reason that the motion contains law and argument, in which the public interest is certainly not outweighed by any privacy interests. *B2B CFO Partners, LLC v. Kaufman*, 2010 WL 2104257, *1 (D. Ariz. 2010).

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's motion to seal (Doc. 56) is **denied**;

…
…
…
…
…

(2) Pursuant to LRCiv 5.6(e), the lodged document (Doc. 57) will not be filed but will remain under seal. Plaintiff may resubmit the document in a manner that conforms to this Order and LRCiv 5.6.

Dated this 2nd day of April, 2019.

Dominic W. Lanza
United States District Judge